

# SEALED

**Office of the United States Attorney**
District of Nevada
501 Las Vegas Blvd., South, Suite 1100
Las Vegas, Nevada 89101
**(702) 388-6336**

STEVEN W. MYHRE
Acting United States Attorney
Nevada Bar No. 9635
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
tony.lopez@usdoj.gov

Representing the United States of America

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> LAWRENCE PATRICK MAGANA et al., <br><br> Defendants. | Case No. 2:17-cr-00228-KJD-PAL <br><br> **GOVERNMENT'S MOTION TO UNSEAL CASE AND TO PARTIALLY UNSEAL INDICTMENT** |

The United States of America, by and through Steven W. Myhre, Acting United States Attorney, and Richard Anthony Lopez, Assistant United States Attorney, hereby moves this Court for an order unsealing the case and (in lieu of unsealing the Indictment) permitting the public filing of a version of the Indictment that redacts only the identities of defendants not yet arrested by law enforcement.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On July 26, 2017, a Federal Grand Jury charged Lawrence Patrick Magana and multiple co-defendants with one count of Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. §§ 1343, 1349. On September 22, 2017, Defendant Magana was

arrested on the resulting warrant while trying to board a cruise ship in San Diego, California. On October 6, 2017, Defendant Magana made his initial appearance in this District. Because the other defendants remain at large, the Government seeks to have the case unsealed, while keeping under seal the portion of the Indictment referencing the identities of the defendants who have not yet been arrested. A redacted version of the Indictment that seals the identity of those defendants is attached as Exhibit A.

## II.   ARGUMENT

Under Federal Rule of Criminal Procedure 6(e)(4), "[t]he federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial." "The decision of a magistrate to seal an indictment is entitled to considerable deference." United States v. Gigante, 436 F. Supp. 2d 647, 654 (S.D.N.Y. 2006).

The "'obvious purpose'" of the Rule "'is to prevent the requirement of an indictment from serving as a public notice that would enable the defendant to avoid arrest.'" United States v. Davis, 598 F. Supp. 453, 455 (S.D.N.Y. 1984) (quoting United States v. Muse, 633 F.2d 1041, 1043 (2d Cir. 1980)); see also United States v. Upton, 339 F. Supp. 2d 190, 194 (D. Mass. 2004) ("Rule 6(e)(4) presumes a governmental objective of preventing pre-arrest flight by the defendant . . . .").

Where, as here, an indictment charges multiple defendants and some, but not all, have been arrested, the Government's interest in preventing pre-flight arrest of those at large defendants remains as strong as when the indictment first issued. For that reason, courts have permitted the redaction of the identities of those remaining

1. defendants pending their apprehension. See United States v. Diaz, 2006 WL 1833081, at *3 (N.D. Cal. June 30, 2006) (denying defendant's request to unredact the names of two co-defendants because "the names of those two redacted defendants are properly withheld to facilitate their capture"); see also United States v. Walker, 1996 WL 924620, at *1 (W.D. Va. Oct. 21, 1996) (rejecting the Government's request to keep the entire case and indictment under seal because "redaction [of the indictment] is proper to meet the concerns of the United States attorney about alerting co-defendants who are still at large").

"In fairness, [redaction] is entirely the appropriate way to proceed." Walker, 1996 WL 924620, at *2. Then, once the remaining codefendants are arrested (and thus the Government's "legitimate need for delay has been satisfied"), the Government will move to unseal the Indictment in its entirety. United States v. Watson, 599 F.2d 1149, 1154 (2d Cir. 1979).

### III. CONCLUSION

To facilitate the arrest of the outstanding defendants in this case, the Government respectfully requests that this Court grant the Government's motion, unseal the case, and permit the public filing of a version of that Indictment that redacts the identities of Defendant Magana's co-defendants (attached as Exhibit A).

DATED this 11th day of October, 2017.

Respectfully submitted,
STEVEN W. MYHRE
Acting United States Attorney

RICHARD ANTHONY LOPEZ
Assistant United States Attorney

3

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE PATRICK MAGANA et al.,<br><br>Defendants. | Case No. 2:17-cr-00228-KJD-PAL |

### ORDER

Based on the Government's Motion to Unseal the Case and to Partially Unseal the Indictment in the above-captioned matter and good cause appearing therefore,

IT IS HEREBY ORDERED that the case be unsealed;

IT IS FURTHER ORDERED that the Indictment remain under seal at this time; and

IT IS FURTHER ORDERED that the Government file Exhibit A as a public version of the Indictment.

DATED this 11th day of October, 2017.

UNITED STATES MAGISTRATE JUDGE

4

## CERTIFICATE OF SERVICE

I, Richard Anthony Lopez, hereby certify that I am an employee of the United States Attorney's Office for the District of Nevada and that on this day I served an electronic copy of the above GOVERNMENT'S MOTION TO UNSEAL CASE AND TO PARTIALLY UNSEAL INDICTMENT on Counsel of Record via electronic mail and by first class mail at the address below:

Dan Coe
Federal Public Defender Office
411 E. Bonneville Ave., Ste. 250
Las Vegas, NV 89101
dan_coe@fd.org
*Counsel for Defendant Lawrence Patrick Magana*

Dated: October 11, 2017

RICHARD ANTHONY LOPEZ
Assistant United States Attorney

# EXHIBIT A

Redacted Version of Indictment

1  STEVEN W. MYHRE
   Acting United States Attorney
2  RICHARD ANTHONY LOPEZ
   Assistant United States Attorney
3  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
4  (702) 388-6336
   richard.lopez2@usdoj.gov
5
   *Representing the United States of America*
6
                    **UNITED STATES DISTRICT COURT**
7
                          **DISTRICT OF NEVADA**

8  | UNITED STATES OF AMERICA,        | SEALED
   |                                   | CRIMINAL INDICTMENT
9  |         Plaintiff,                |
   |                                   | Case No. 2:17-cr-228
10 |     v.                            |
   |                                   | **VIOLATION:**
11 | LAWRENCE PATRICK MAGANA,          | Conspiracy to Commit Wire Fraud
   |                                   | (18 U.S.C. §§ 1343, 1349)
12 | ■■■■■■■■■■■■■■■■■■■■■■■           |
13 | ■■■■■■■■■■■■■■■■■■■■■■■           |
14 |         Defendants.               |

15

16  THE GRAND JURY CHARGES THAT:

17                          **COUNT ONE**
                  *Conspiracy to Commit Wire Fraud*
18                     (18 U.S.C. §§ 1343, 1349)

19      1.    Beginning on a date unknown and continuing until on or about May 27,

20  2013, in the State and Federal District of Nevada and elsewhere,

21                     **LAWRENCE PATRICK MAGANA,**

22  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

23  ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

                                    1

1 defendants herein, and other conspirators, both known and unknown to the Grand
2 Jury, did knowingly and willfully combine, conspire, confederate, and agree with each
3 other and others known and unknown to the Grand Jury, to devise and execute a
4 scheme and artifice to defraud and to obtain money and property by means of
5 materially false and fraudulent pretenses, representations, and promises, and to
6 cause the interstate transmission of writings, signs, signals, and sounds for the
7 purpose of executing that scheme, in violation of Title 18, United States Code, Section
8 1343.

## OBJECT OF THE CONSPIRACY

10   2.   The object of the conspiracy was to enrich the conspirators by unlawfully
11 using stolen credit card information to fraudulently induce businesses to provide
12 goods and services, such as hotel rooms, tickets, and meals to the conspirators and to
13 third parties.

## MANNER AND MEANS OF THE CONSPIRACY

15   3.   It was part of the conspiracy and scheme to defraud that MAGANA,
16 ████████████ and other co-conspirators recruited customers with
17 promises of providing discounted Las Vegas hotel reservations.

18   4.   It was further part of the conspiracy and scheme to defraud that
19 MAGANA, ████████████, and other co-conspirators used text messages,
20 emails, and telephone calls to coordinate the booking of reservations for those
21 customers.

22   5.   It was further part of the conspiracy and scheme to defraud that
23 MAGANA would use an Internet website to make a reservation in the customer's

2

1  name at a Las Vegas hotel and secure that reservation with a stolen credit card
2  number he did not have authorization to use.

3   6.   It was further part of the conspiracy and scheme to defraud that
4  MAGANA, ███████████ and other co-conspirators provided the
5  customer with a confirmation of that customer's hotel reservation using email.

6   7.   It was further part of the conspiracy and scheme to defraud that
7  MAGANA, ███████████, or other co-conspirators would secure payment
8  from the customer in cash or prepaid cards, such as MoneyPak Green Dot card.

9   All in violation of Title 18, United States Code, Section 1349.

11  DATED: this 26th day of July, 2017.
12  A TRUE BILL:

14                              /S/
                    FOREPERSON OF THE GRAND JURY

16  
17  STEVEN W. MYHRE
    Acting United States Attorney

19  RICHARD ANTHONY LOPEZ
    Assistant United States Attorney

3