# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAMORSE COMPTON, JR., et al.,<br><br>Defendants. | Case No.: 2:17-cr-00228-KJD-NJK<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION**<br><br>(Docket Nos. 77, 79) |

Pending before the Court is Defendant Lamorse Compton, Jr.'s motion for bill of particulars or, in the alternative, motion to dismiss indictment. Docket No. 77. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 77, 87, 90. Also pending before the Court is Defendant Kimberly Jacquel Rebetter's motion for joinder to Defendant Compton's motion, Docket No. 79, which the Court **GRANTS**.

## I. BACKGROUND

On July 26, 2017, a grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendants Compton and Rebetter, along with their co-Defendant Lawrence Patrick Magana, with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1349. Docket No. 1. In part, the indictment alleges the manner and means of the alleged conspiracy, as well as certain overt acts. *Id*. at 3-4.

Defendants Compton and Rebetter[1] submit that the indictment does not provide any facts in support of the allegation that they knowingly committed wire fraud. Docket No. 77 at 1. Specifically, Defendants submit, the indictment "does not name a single prohibited, criminal act." *Id*. at 2. Further, Defendants submit that the indictment does not allege how the United States "has come to the conclusion" that they knowingly conspired with each other or Defendant Magana to commit wire fraud. *Id*. at 3. Defendants submit that "very little" discovery has been provided and,

---

[1] Co-Defendant Magana has not moved to join the instant motion.

1

therefore, they ask the Court to order the United States to provide a bill of particulars regarding its theory "that [Defendants] knowingly participated in a conspiracy to use stolen credit card information that was, at least in the words of the indictment itself, allegedly solely undertaken by [co-Defendant] Magana." *Id*. Defendants submit that such bill of particulars is necessary for them to prepare their defenses. *Id*. at 3-4.

In the alternative, Defendants ask the Court to dismiss the indictment against them, as it "has not alleged at least one or more essential elements of the crime." *Id*. at 4-5. Defendants submit that a conviction under the wire fraud statute requires the proof of certain elements that have not been alleged in the indictment. *Id*. at 5. Instead, Defendants submit, the indictment in the instant case merely goes to the *mens rea* of the charged offense. *Id*. Therefore, Defendants ask the Court to dismiss the indictment. *Id*.

In response to Defendants' request for a bill of particulars, the United States submits that the indictment provides Defendants with adequate notice of the charges against them. Docket No. 87 at 8. The United States submits that the indictment alleges that these Defendants conspired with co-Defendant Magana to "fraudulently book reservations at Las Vegas hotels and casinos using stolen credit card numbers" and that the "served as a connection between customers and Magana, who did the booking with stolen credit card numbers in his possession." *Id*. The United States further submits that the discovery it provided to Defendants provides adequate notice of the evidence it intends to admit at trial and describes one factual example as set out in an FBI 302. *Id*. at 8-9. Therefore, the United States asks the Court to deny Defendants' request for a bill of particulars. *Id*. at 9.

In response to Defendants' request to dismiss the indictment, the United States submits that the indictment itself charges Defendants and their co-defendant with conspiracy to commit wire fraud and sets out the elements of that crime. *Id*. at 4. Specifically, the United States submits, the elements are:

> First, beginning on or about [date], and ending on or about [date], there was an agreement between two or more persons to commit at least one crime as charged in the indictment; [and]

2

> Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it[.]

*Id*. The United States sets out the allegations in the indictment in a table that demonstrates how the allegations fit each element of the crime. *Id*. at 5. Further, the United States submits, the indictment generally tracks the language of the relevant statutes. *Id*. The United States submits that Defendants' concern regarding the elements of wire fraud is unfounded, as they are charged with conspiracy to commit wire fraud, which is an inchoate crime. *Id*. at 5-6. As a result, the United States submits, it does not have to allege or prove that any of the defendants completed the crime of wire fraud. *Id*. at 6. Finally, the United States submits that the indictment identifies numerous wire communications used in the alleged scheme. *Id*. at 7. Therefore, the United States submits, the indictment is more than sufficient as it tracks the language of the relevant statutes, pleads the essential elements of the crime alleged, and lays out the role each defendant played in the alleged scheme. *Id*. at 8.

In reply, Defendants submit that the United States has not offered anything to assist them in determining the general theory under which it intends to proceed or the particular conduct they are alleged to have engaged in that would lead to a conviction under the indictment. Docket No. 90 at 1. Further, Defendants submit, the indictment fails to allege that they knowingly or willfully committed any illegal acts and, therefore, fails to state a claim for conspiracy to commit wire fraud. *Id*. at 2. Defendants next submit that more than a year has passed with "scant to non-existent discovery," they do not have particular details about the charges against them, and the indictment does not conform to minimal constitutional standards; therefore, they ask the Court to dismiss the indictment against them. *Id*. at 2-4.

## II.     ANALYSIS

### A. Bill of Particulars

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged," and must "give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated."

3

Fed.R.Crim.P. 7(c). The Federal Rules of Criminal Procedure "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure." *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (internal citation omitted). Therefore, while "detailed allegations might well have been required under common-law pleading rules, ... they surely are not contemplated by [Fed.R.Crim.P.] 7(c)(1)..." *Id*. Rather, the constitutional requirements for an indictment are "first, [that it] contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Id*., 549 U.S. at 108 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974).

"The court may direct the government to file a bill of particulars. The defendant may more for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires." Fed.R.Crim.P. 7(f). The decision whether or not to grant a motion for a bill of particulars is committed to the discretion of the trial court. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). The purposes of a bill of particulars "are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense." *United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).

Additionally, the Ninth Circuit has found that the bill of particulars has three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Brimley*, 529 F.2d 103, 108 (6th Cir. 1976)).

The function and purpose of the bill of particulars is served when "the indictment itself provides sufficient details of the charges and [when] the Government provides full discovery to the defense." *Mitchell*, 744 F.2d at 705. The court "should consider whether the defendant has

been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054 (citing *Giese*, 597 F.2d at 1180). The defendant "is not entitled to know all the Evidence the government intends to produce, but only the Theory of the government's case." *Giese*, 597 F.2d at 1181 (quoting *Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)). A request for the "'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars." *Id*.

In the present case, the language of the indictment is clear, and when read as a whole sufficiently informs Defendants of the charge against them. The indictment alleges that, from a date unknown to on or about May 27, 2013, in the District of Nevada and elsewhere, Defendants and their co-defendant "did knowingly and willfully combine, conspire, confederate, and agree with each other and others known and unknown" to commit the crime of wire fraud. *See* Docket No. 1.

The indictment further alleges that the objective of the conspiracy was to "enrich the conspirators by unlawfully using stolen credit card information to fraudulently induce businesses to provide goods and services, such as hotel rooms, tickets, and meals to the conspirators and to third parties." *Id*. at 3. The indictment then alleges five distinct manner and means which the defendants and others used to achieve the objectives of the conspiracy. *Id*. at 3-4. Four of the five paragraphs under the manner and means section includes Defendants' names as participants. *Id*. Finally, the indictment alleges that Defendants acted in violation of Title 18, United States Code, Section 1349. *Id*. at 4.

The Court finds that the indictment apprises Defendants of the federal offense with which they are charged. "To the extent that the indictment ... itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." *Giese*, 597 F.2d at 1180 (internal citation omitted). The Court finds that the indictment itself, along with the discovery provided, is sufficient to inform Defendants of the nature of the charge to allow them to prepare their defense, avoid any unfair surprise and trial, and plead double jeopardy in any subsequent prosecution. Defendants' request

for a bill of particulars is just the type of request *Giese* specifically holds is not appropriate for a bill of particulars. *Id*. at 1181 (request for the "'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars").

### B. Dismissal of Indictment

Pursuant to Federal Rule of Criminal Procedure 12(b), "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a defendant to move to dismiss an indictment on the ground that the indictment "fail[s] to state an offense." In determining a motion to dismiss an indictment, the Court may not look beyond "the four corners of the indictment in analyzing whether a cognizable offense has been charged." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). . The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citing *United States v. Buckley*, 689 F.2d 893, 899 (9th Cir. 1982), cert. denied, 460 U.S. 1086 (1983)).

In considering a motion to dismiss an indictment, a court "must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged. The indictment either states an offense or it does not. There is no reason to conduct an evidentiary hearing." *Boren*, 278 F.3d at 914. A defendant moving to dismiss an indictment bears the burden of demonstrating a factual basis for the motion to dismiss. *See United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003); *United States v. Lazarevich*, 147 F.3d 1061, 1065 (9th Cir. 1998).

An indictment is generally considered sufficient if it sets forth the elements of the offense charged. *United States v. Fernandez*, 388 F.3d 1199, 1200 (9th Cir. 2004). An indictment is "sufficient if: (1) it contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend; and (2) it enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Hill*, 279 F.3d 731, 741 (9th Cir. 2002) (citing *Hamling v. United States*, 418 U.S. 87 (1974)). *See also Russell v.*

*United States*, 369 U.S. 749, 763-764 (1962); Fed. R. Crim. P. 7(c).  An indictment is generally sufficient if it sets forth the offense in the words of the statute itself as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all of the elements necessary to constitute the offenses intended to be punished." *Hamling*, 418 U.S. at 117.

      An indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (quoting *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988)).  "The Supreme Court has held that it is acceptable for an indictment to set forth the offense in the language of the statute itself provided that the language clearly sets forth all the requisite elements of the offense without ambiguity." *Rosi*, 27 F.3d at 414 (quoting *Hamling*, 418 U.S. at 117).  The sufficiency of an indictment is determined by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the government can prove its case." *Blinder*, 10 F.3d at 1471 (internal citation omitted).  *See also United States v. Gondinez-Rabadan*, 289 F.3d 690, 633 (9th Cir. 2002) ("test of the sufficiency of the indictment is . . . whether it conforms to minimal constitutional standards").

      Applying the well-established law, the Court examined the count charged in the indictment and finds that it is sufficient.  The indictment complies with the requirements set forth by the Ninth Circuit in *Hill*, 279 F.3d at 741, and *Rosi*, 27 F.3d at 414, because it contains the elements of the charged offense, enables Defendants to prepare their defense, enables Defendants to plead double jeopardy, and informs the Court of the alleged facts so that it can determine the sufficiency of the charge.  *See Blinder*, 10 F.3d at 1476 ("An indictment...need only set forth the essential facts necessary to inform the defendant of what crime she is charged; it need not explain all factual evidence to be proved at trial").

### III.  ORDER

**IT IS ORDERED** that Defendant Rebetter's motion for joinder, Docket No. 79, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion for a bill of particulars, Docket No. 77, is hereby **DENIED**.

### IV.  RECOMMENDATION

**IT IS RECOMMENDED** that Defendants' alternative motion to dismiss the indictment against them, Docket No. 77, be **DENIED**.

IT IS SO ORDERED.

DATED: December 16, 2020.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).